**KNIGHT LAW GROUP LLP**
Steve Mikhov (SBN 224676)
stevemusfc@knightlaw.com
Maite Colon (SBN 322284)
maitec@knightlaw.com
10250 Constellation Blvd., Suite 2500
Los Angeles, CA   90067
Telephone: (310) 552-2250
Fax: (310) 552-7973

Attorneys for Plaintiff,
MATTHEW GOODRICH

**THE ERSKINE LAW GROUP, PC.**
Mary Lynn Arens, Esq., SBN: 282459
Cameron Major, Esq., SBN: 325986
1576 N. Batavia St., Suite A
Orange, California 92867
Tel: (949) 777-6032
Fax: (714) 844-9035

Attorneys for Defendant,
GENERAL MOTORS LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW GOODRICH,<br><br>Plaintiff,<br><br>vs.<br><br>**GENERAL MOTORS LLC, a Delaware Limited Liability Company, and DOES 1 through 10, inclusive,**<br><br>Defendant. | Case No.:  2:20-cv-00673-TLN-CKD<br><br>**STIPULATED PROTECTIVE ORDER; and  ORDER**<br><br>Hon. Troy L. Nunley |

-1-

Stipulated Protective Order

**IT IS HEREBY STIPULATED** by and between the Parties, Matthew Goodrich ("Plaintiff") and General Motors, LLC, ("Defendant"), by and through their respective counsel of record, that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties stipulate as follows:

**GOOD CAUSE STATEMENT:** GM LLC contends: This action is likely to involve trade secrets, confidential communications, and other valuable research, development, commercial, technical and/or proprietary information regarding GM LLC's operations of manufacturing, selling, distributing, and repairing vehicles for which special protection from public disclosure and from use for any purpose other than prosecution of this action as warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business information, confidential business communications, information regarding confidential business practices, or other confidential research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business practices, or other confidential research, development, or information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for an in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.

//
//

## A. PRELIMINARY STATEMENTS

1. Plaintiffs have requested the production of certain documents for inspection and copying in conjunction with discovery in the above-entitled case.

2. General Motors LLC ("GM LLC" and/or "Defendant") contends that certain of those documents represent and/or reflect trade secrets or other confidential information as defined in paragraph 5. Defendant contends it is entitled to protection of the law to prevent against improper dissemination or use of that information.

3. Defendant has located the documents responsive to Plaintiff's discovery requests, and Defendant agrees to produce and/or permit the viewing of documents pursuant to the terms of this stipulated protective order (hereafter "the documents").

4. Plaintiffs do not waive any claim that the documents are not confidential or trade secrets in executing this stipulation.

5. In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

    a. "Proceeding" means the above-entitled proceeding *MATTHEW GOODRICH v. GENERAL MOTORS LLC*, Case No.: 2:20-cv-00673-TLN-CKD.

    b. "Court" means Hon. Troy L. Nunley, Hon. Carolyn K. Delaney or any judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

    c. "Confidential" means any information which is in the possession of a Designating Party who believes in good faith that such information is entitled to confidential treatment under applicable law and who believes in good faith that the Disclosure of such information to another Party or non-Party would create a substantial risk of serious financial or other injury that cannot be avoided by less restrictive means.

    d. "Confidential Materials" means any Documents, Testimony or Information as defined below designated as "Confidential" pursuant to the provisions of this Stipulation and Protective Order and the Federal Rule of Civil Procedure 26.

e. "Designating Party" means the Party that designates Materials as "Confidential."

f. "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

g. "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms are defined by Federal Rules of Evidence 1001, which have been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

h. "Information" means the content of Documents or Testimony.

i. "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

**B.   CUSTODY**

Defendant will produce to Plaintiff a copy of the documents which are the subject matter of this order, subject to the terms and conditions set forth herein.

Defendant will maintain custody of the original copies. Should Plaintiff's counsel require access to the original copies GM LLC will cooperate to resolve the issue.

**C.   STIPULATED PROTECTIVE ORDER**

IT IS FURTHER AGREED AND STIPULATED that the Confidential Materials so produced by GM LLC shall only be used in this action, or in other pending actions against Defendant, and shall not be used for any business or competitive purposes.

IT IS FURTHER AGREED AND STIPULATED that if the receiving party contests the designation of any documents as confidential or trade secrets, the receiving party shall provide written notice that identifies the specific documents by Bates number or other specific description, and give notice of the general nature of its objections to the designating party via US Mail and/or Email. For the purposes of the receiving party's obligation to object to the documents and information designated as confidential, the parties agree that general objections are sufficient. If the parties are unable to informally resolve such a dispute, GM LLC may move the Court for entry of a protective order with respect to the documents identified in the written notice. In the event that

GM LLC moves the Court for entry of a protective order with respect to any document at issue, it shall bear the burden of establishing that the contested documents qualify for protection under California law; i.e., GM LLC must show that the contested documents contain trade secrets or confidential information as defined in paragraph 5.

In moving for a protective order, Defendant's burden shall be the same as the burden set forth in the Federal Rules of Civil Procedure, Eastern District Local Rules, or any relevant Standing Orders for obtaining a protective order.  Defendant further agrees that it cannot use the wording of this Stipulated Protective Order to lessen its burden of establishing that the documents at issue contain trade secrets or confidential information, or to suggest that Plaintiff agreed that the documents at issue contained trade secrets or confidential information.

Until the Court has ruled on such a motion, any contested document shall be used, shown, or disclosed as provided in this Order.  If no such motion is filed within thirty (30) days of receipt of Plaintiff's counsel's general notice of objections, then the designation of the documents and information as confidential, which have been identified in Plaintiff's objections, shall be deemed waived.

IT IS FURTHER AGREED AND STIPULATED that Plaintiff has not agreed to the sealing of the designated documents, except as otherwise provided in this agreement.  Plaintiff expressly reserves the right to use any designated documents at trial, and shall give notice of the intention to use any designated documents by Bates number or other specific description pursuant to the applicable jurisdiction requirements for designating or identifying trial exhibits.  The service of trial exhibit lists shall be deemed sufficient notice of the identification of the documents for purposes of this protective order. To have the designated documents sealed, Defendant must file an appropriate motion pursuant to Eastern District Local Rule 141. and applicable case law. In moving to seal the documents, GM LLC shall have the same burden as provided in Federal Rules of Civil Procedure and Eastern District Local Rules and applicable case law.

IT IS FURTHER AGREED AND STIPULATED that the documents so produced shall be by photocopy, with counsel for Defendant maintaining the originals;

IT IS FURTHER AGREED AND STIPULATED that only those people designated immediately below, shall have access to the documents protected herein. They, in turn, shall not exhibit, or disclose the documents to any other person without either the written consent of counsel for Defendant or further order of the court. The people bound by this Protective Order are as follows:

1. Counsel for any party hereto, or an employee of such counsel; or,

2. Any employee or agent of a party to whom the confidential documents are shown for the purpose of working directly on or testifying in connection with the Litigation at the request of or at the direction of counsel for such party; or,

3. A person retained to assist in the Litigation, such as an investigator, independent accountant, or other technical expert or consultant (provided that no disclosure shall be made to any such person who is currently employed by an automobile manufacturer competitor of General Motors, LLC), who has signed an acknowledgment in the form of Exhibit A attached to this protective order, a copy of which shall be retained by the party who has retained this person; or,

4. A person who is deposed or who testifies at trial in the Litigation who has signed an acknowledgment in the form of Exhibit A attached to this protective order (provided that no disclosure shall be made to any such person who is currently employed by an automobile manufacturer competitor of General Motors, LLC), a copy of which shall be retained by the party who compelled such person to testify at a deposition or trial; or

5. The Court and any members of its staff to whom it is necessary to disclose confidential or trade secret information for the purposes of assisting the Court in the Litigation, including any individual that the Court may utilize as part of a discovery dispute resolution.

IT IS FURTHER AGREED AND STIPULATED that the attorneys of record to whom the above listed documentation is provided and produced shall be responsible for ensuring that the other persons designated herein are informed of the terms of this Protective Order.

IT IS FURTHER AGREED that this stipulated order may be modified only by written agreement of the parties, or upon motion of any party.

IT IS FURTHER AGREED that the inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document, Testimony or Information during discovery in this Proceeding without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony or Information that is subject to a "Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony or Information designated as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony or Information shall promptly destroy the inadvertently produced Document, Testimony or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the "Confidential" designated Materials. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any Information protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

IT IS FURTHER AGREED that each person listed above who is provided information

1    protected by this stipulated order, shall be subject to the jurisdiction of the District Court in which
2    this Protective Order was entered for potential contempt and/or other appropriate proceedings in
3    the event of an alleged violation of this stipulated order.

4        IT IS FURTHER AGREED AND STIPULATED that with respect to discovery motions,
5    all documents that are filed with the Court that contain any portion of any documents encompassed
6    by this Protective Order shall be filed in compliance with the Eastern District of California, Local
7    Rule 141.

8        IT IS FURTHER AGREED nothing in this Protective Order shall be construed as limiting
9    any party from disclosing a potential safety defect to an appropriate government agency.  Further,
10   General Motors LLC shall be permitted to use such Confidential Materials to assist in identifying,
11   reporting or resolving any potential safety issue.

12       IT IS FURTHER AGREED to the extent that Material produced pursuant to this Protective
13   Order contains personally identifiable information about an individual (hereinafter referred to as
14   "PII"), the Party receiving PII shall, after receipt thereof, treat such PII as confidential and
15   safeguard such information from unauthorized use and disclosure. The Party receiving PII agrees
16   not to appropriate such PII for its own use or to disclose such information to third parties and
17   agrees to treat such material subject to the terms of this Protective Order.

18       IT IS FURTHER AGREED that upon filing of a request for dismissal of the Proceeding,
19   the undersigned Parties agree to continue to operate under the terms of this Protective Order.

20       IT IS FURTHER AGREED that after this Stipulation and Protective Order has been signed
21   by counsel for all Parties, it shall be presented to the Court for entry.  Counsel agree to be bound
22   by the terms set forth herein with regard to any Confidential Materials that have been produced
23   before the Court signs this Stipulation and Protective Order.

24       This Stipulation and Protective Order may be executed in counterparts.

25
26
27   ///
28   ///

-8-

Stipulated Protective Order

IT IS SO STIPULATED, on March 25, 2021.

KNIGHT LAW GROUP                                                    ERSKINE LAW GROUP, P.C.


/s/ Maite Colon                                                           /s/ Cameron Major
Steve Mikhov (SBN 224676)                                    Mary Lynn Arens (SBN 282459)
Amy Morse (SBN 290502)                                       Cameron Major (SBN 325986)
Maite Colon (SB 322284)                                         Attorneys for Defendant
Attorneys for Plaintiff,                                              GENERAL MOTORS, LLC

MATTHEW GOODRICH

### ORDER

Good cause appearing, the court hereby APPROVES this stipulated protective order **subject to the following clarification**.  Notwithstanding the parties' agreement that the court and members of the court's staff are "bound" by the terms of this stipulated protective order, the court and its staff are not party to this agreement and it cannot be enforced against them.  As is true in every case, generally applicable judicial ethics and confidentiality rules sufficiently safeguard any protected disclosures made to the court and its staff.

IT IS SO ORDERED.

Dated:  March 29, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

**ACKNOWLEDGEMENT OF CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

I hereby acknowledge that I have read the Stipulated Protective Order entered into between Plaintiff and General Motors, LLC in the case of *MATTHEW GOODRICH v. GENERAL MOTORS LLC*, Case No.: 2:20-cv-00673-TLN-CKD. I agree to be bound by its terms. I also agree to submit to the jurisdiction of the above referenced court for enforcement of this order.

Dated: _____          BY: _____
                                     Signature

                                _____
                                Title

                                _____
                                Address

                                _____
                                City, State, Zip